John **TORPATS**, Appellant,

v.

John A. **McCONE**, Director, Central Intelligence Agency, Appellee.

No. 16616.

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 21, 1962.

Decided March 23, 1962.

Petition for Rehearing En Banc Denied
En Banc April 11, 1962.

Mr. Byron N. Scott, Washington, D. C., with whom Mr. Robert Day Scott, Washington, D. C., was on the brief, for appellant.

Mr. Judah Best, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson and Thomas D. Quinn, Jr., Asst. U. S. Attys., were on the brief, for appellee. Mr. Charles T. Duncan, Principal Asst. U. S. Atty., and Arnold T. Aikens, Asst. U. S. Atty., also entered appearances for appellee.

---

915

Before PHILLIPS, Senior United States Circuit Judge for the Tenth Circuit,* and WASHINGTON and BURGER, Circuit Judges.

PER CURIAM.

Appellant sued in the District Court to compel the Central Intelligence Agency to restore him to his former position. He had been employed by C.I.A. from 1949 to 1958. During the course of his employment he progressed from GS–12 to GS–14 and was then demoted to GS–13. At various times preceding the discharge which he now challenges, he was in conflict with superiors. He appeals from summary judgment for the appellee.

On January 30, 1961, appellant received notice from the agency that his employment was

"Terminated pursuant to authority contained in Section 102(c), National Security Act of 1947. This termination does not affect your right to seek or accept employment in any other department or agency of the U. S. Government if you are declared eligible for such employment by the U. S. Civil Service Commission."

The pertinent part of the National Security Act of 1947, 61 Stat. 498, 50 U.S.C. A. § 403(c) (1951) provides:

"(c) Notwithstanding the provisions of section 6 of the Act of August 24, 1912 (37 Stat. 555), or the provisions of any other law, the Director of Central Intelligence may, in his discretion, terminate the employment of any officer or employee of the Agency whenever he shall deem such termination necessary or advisable in the interests of the United States, but such termination shall not affect the right of such officer or employee to seek or accept employment in any other department or agency of the Government if de-

clared eligible for such employment by the United States Civil Service Commission."

This statute vests in the Director of the C.I.A. a broad discretion to terminate employees in the interest of the United States but it is to be distinguished from a so-called "security" discharge such as was involved in Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957), and related cases.

Regulation 20–700 promulgated by the C.I.A. calls for an impartial review by the Director of all pertinent information upon which he relies in terminating, whether favorable or unfavorable, to "the extent that is consistent with the interests of the U.S." C.I.A. Reg. 20–700 § 4. It also provides that the Director "may appoint an Employment Review Board to advise him concerning any particular case." Id. § 7.

The record contains the sworn statement of the Director that prior to taking action adverse to appellant he "thoroughly reviewed the case," consulted with senior officials before concluding to terminate appellant as "unsuitable for continued employment * * * and deemed it necessary in the interests of the United States to terminate his employment." The appellant was also given the opportunity, not required by any regulation, to interview high Agency officials as well as the Director regarding his employment difficulties. The record is clear that no Employment Review Board was ever appointed under the Regulation and appellant's complaints respecting such a Board are without merit.

As we have noted this is not a termination for security reasons but for lack of suitability for the positions and grades available. There is no bar of any kind to employment by other agencies of government. We hold that the Director acted within the authority conferred upon him by Congress and in accordance with his own regulations.

Affirmed.

* Sitting by designation pursuant to Sec. 294(d), Title 28 U.S.Code.